# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 5:07-CV-382-VEH** |
| | ) |
| **$36,030.00 IN UNITED STATES CURRENCY,** | ) |
| and | ) |
| **$3,605.00 IN UNITED STATES CURRENCY** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION & ORDER

Before the court are (1) the Motion of Tobias Anjuan Payne ("Payne") for Return of Property (doc. 27) and (2) the Motion of Payne and Mr. and Mrs. James Edward Forney (referred to collectively as "Claimants") to Compel the Immediate Return of Property (doc. 28), both filed on March 7, 2008. For the reasons explained herein, both motions are due to be and are hereby **DENIED**.

This civil forfeiture action was commenced following the seizure of the Defendant currencies from residential property owned by Mr. and Mrs. James Edward Forney. After perfecting their claims to the currency, Claimants filed the pending

motions seeking the return of the currency.  Despite the opportunity to file opposing briefs, Plaintiff has not responded to the motions.

    1.    Payne's Motion for Return of Property (doc. 27)

Payne argues that the Defendant currency should be returned to him because its seizure violated his right to procedural due process.  Specifically, Payne avers that he was not given the opportunity to be heard regarding his right to the currency within 60 days before or after the currency was seized.

The only authority Payne cites for this argument is *Laing v. United States*, 423 U.S. 161, 185, 96 S.Ct. 473, 486, 46 L.Ed.2d 416 (1976), in which the Supreme Court addressed a taxpayer's guaranteed access to the Tax Court within 60 days of an assessment under the Internal Revenue Code.  Because *Laing* is clearly distinguishable from this case, it offers no support for Payne's theory.

Payne also cites to several cases for the general proposition that he was entitled to a hearing <u>prior</u> to the seizure of the Defendant currency.  Each of these cases is factually distinguishable from this action.[1]  Moreover, these cases contemplate that,

---

[1] *See Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (holding that due process prohibits states from denying court access to individuals who seek dissolution of marriage but are unable to pay court fees and costs); *Bell v. Burson*, 402 U.S. 535, 542, 91 S.Ct. 1586, 1591, 29 L.Ed.2d 90 (1971) (before State suspends individual's driver license, it must provide forum for determination of whether there is a reasonable possibility of judgment being rendered against licensee as result of accident); *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (public school students must be given opportunity to be heard before they are suspended for behavioral misconduct); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d

in some circumstances, the opportunity to be heard is preserved even when it is offered after the seizure of property.[2]

Payne does not address whether law enforcement's seizure of evidence of a possible crime constitutes the type of "emergency situation" in which due process allows the opportunity to be heard after the seizure has occurred. However, relevant and binding case law expressly answers that question in the affirmative. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 677, 94 S.Ct. 2080, 2088-89, 40 L.Ed.2d 452 (1974) (holding that "seizure for purposes of forfeiture is one of those 'extraordinary situations' that justify postponing notice and opportunity for a hearing"). Furthermore, Payne apparently believes he has been denied the right to a hearing altogether, but does not explain this theory given that he is now able to assert his claim to the currency in this court.

Finally, rather than asserting his claim with facts relevant to this case, Payne's motion is a mere diatribe against the general exercise of search and seizure by law enforcement in civil forfeiture actions, and is almost completely void of a factual

---

556 (1972) (State may not seize property on behalf of private third party without first giving opportunity for possessor to be heard).

[2] *See Boddie*, 401 U.S. at 379, 91 S.Ct. at 787 ("the hearing required by due process require[s] that an individual be given an opportunity for a hearing before he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event"); *Bell*, 402 U.S. at 542, 91 S.Ct. at 1591 (same); *Goss*, 419 U.S. at 582-83, 95 S.Ct. at 740 (same).

Case 5:07-cv-00382-VEH   Document 30   Filed 04/29/08   Page 4 of 4

basis upon which the court may apply that argument to Payne's claim. Consequently, the motion is due to be and is hereby **DENIED**.[3]

2.  Claimants' Motion to Compel Immediate Return of Property (doc. 29)

Claimants argue that the currencies were seized in violation of both the Fourth Amendment prohibition against unreasonable search and seizure and of Fifth Amendment due process. The Motion to Compel contains only facts relevant to this argument but offers no legal authority to support it. Therefore, the court finds that the motion is due to be and is hereby **DENIED**.[4]

**DONE** and **ORDERED** this the twenty-ninth day of April, 2008.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[3] Payne moves in the alternative to exclude "all evidence seized in this matter" based on the "tenuous information used" to secure the search warrant in this case. The Motion in Limine contains no legal or factual support, but is merely argued as the final sentence in his Motion for Return of Property. Without any basis to consider the merits of the motion, the court concludes that it is due to be and is hereby **DENIED**.

[4] Claimants also move for the exclusion of "the evidence based on an unlawful, unconstitutional search and seizure of alleged property evidence." Claimants similarly fail to provide any legal ground for this motion. Therefore, the motion is due to be and is hereby **DENIED.**

4